438 P.2d 701

**Stanley J. RANQUIST, dba Mobile Sheet Metal Company, Plaintiff and Appellant,**

**v.**

**BECHTEL CORPORATION, a corporation, Dorland Construction Company, a corporation, and Elwood C. Dorland, as an individual and as an agent, Defendants and Respondents.**

No. 11049.

Supreme Court of Utah.

March 18, 1968.

Stanley J. Ranquist, pro se.

F. Robert Bayle and Wallace R. Lauchnor of Bayle, Hurd & Lauchnor, Salt Lake City, for defendants and respondents.

HENRIOD, Justice:

Appeal from a no cause of action judgment. Affirmed. Costs to Bechtel.

Ranquist was a subcontractor who agreed to perform sheet metal work on a contract where Dorland was to construct an electric power plant, which was to be supervised by Bechtel, the engineer or architect having to do with such construction. Things didn't progress too well on a job that everyone contemplated would be completed before bad weather set in. Bechtel wrote Dorland and impressed the latter of this urgence, incidentally criticizing the progress of the sheet metal phase of the contract,—a circumstance which, if neglected, would in turn be critical of Bechtel's duty to see that the project was pursued and completed properly. In consonance with such criticism, Ranquist was replaced by Dorland, and a substitute outfit was employed to finish the sheet metal work on time. Significantly this swap was made about the time when Ranquist went on a two-month vacation and had no employees on the job.

Ranquist sued Bechtel and Dorland, the one for libel and the other for breach of contract. The case for breach of contract was disposed of and is not the subject of this appeal. Only the libel charge persisted, with damages claimed for malicious false statements, resulting, among other things, in the alleged breach. It is of interest to note here that there is nothing in the gargantuan record to indicate that, in the exchange of correspondence between Bechtel and Dorland, there was any convincing specific evidence that Ranquist thereby was injured.

We have examined the letters which Ranquist claims were libelous and cannot agree with him that they were libelous. So holding, there is no necessity to discuss conditionally privileged communications,—and certainly there is no evidence in this record reflecting any malice or ill will that inflamed Bechtel to cause harm to Ranquist, who himself testified that Bechtel displayed no such malice toward him.

The plaintiff Ranquist employed his brother, an attorney in good standing, to

front for him. When all the papers were in and the court arrived at his decision, filial affection apparently disintegrated, and Brother Harold Ranquist took himself out of this case by withdrawing from it. Brother Stanley Ranquist, litigant here, promptly employed another attorney in good standing, and just as promptly fired him about ten days later. Ranquist took over the case "pro se," and after a few skirmishes with the trial court, personally moved the area of combat to this court.

Suffice it to say that this gentleman, whose cause to him seems just, just was in error in saying in his brief that in seeking quick justice, he just didn't get it. This, after he had, over a four-year period, seems effectively to have prevented the justice which he seeks to justify, by indulging in a series of paper-strewn delaying maneuvers, involving amendments, demands for admissions, interrogatories, and dozens of others. In doing all this, it belies reason to conclude that his claimed denial of justice was engendered by others than himself. This record,—over 400 pages of it,—is somewhat of a travesty on the justice he claims.

Ranquist may or may not have had a complaint based on breach of contract. Apparently this matter was resolved, but at any rate it has not been urged on this appeal. His appeal on the sole point of libel seems somewhat fatuous, and we decide it is not well taken, without burdening lawyers with the necessity of reading the letters, subject of this action, or paying for their publication in the National Reporter System.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.